**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1663**
_____

JORGE MARIO GALEAN-PRUDENTE, a/k/a Jorge Mario Galeana
Prudente,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

_____

**No. 14-2343**
_____

JORGE MARIO GALEAN-PRUDENTE, a/k/a Jorge Mario Galeana
Prudente,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

_____

On Petitions for Review of Orders of the Board of Immigration
Appeals.

_____

Submitted:  June 1, 2015        Decided:  June 18, 2015

_____

Before KING and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Petitions denied in part, dismissed in part by unpublished per curiam opinion.

———————————

Buxton Reed Bailey, BUXTON R. BAILEY, P.C., Raleigh, North Carolina, for Petitioner. Benjamin C. Mizer, Acting Assistant Attorney General, Claire L. Workman, Senior Litigation Counsel, Rachel Browning, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jorge Mario Galean-Prudente, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for cancellation of removal (No. 14-1663) and for review of the Board's order denying his motion to reconsider (No. 14-2343).

We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the Board's factual findings under the substantial evidence rule. Anim v. Mukasey, 535 F.3d 243, 252 (4th Cir. 2008).

Upon review, we find that the agency properly concluded that Galean-Prudente knowingly engaged in alien smuggling under 8 U.S.C. § 1182(a)(6)(E) (2012), which statutorily precluded him from establishing the requisite good moral character necessary for cancellation of removal. See 8 U.S.C. § 1101(f)(3) (2012); Ramos v. Holder, 660 F.3d 200, 203-06 (4th Cir. 2011). We further conclude that the Board did not abuse its discretion in denying Galean-Prudente's motion to reconsider the denial of

his application for cancellation of removal. We therefore deny the petitions for review in part for the reasons stated by the Board. See In re: Galean-Prudente (B.I.A. June 26 & Nov. 12, 2014).

We lack jurisdiction[*] to review Galean-Prudente's challenges to the Board's refusal to reinstate his grant of voluntary departure, and therefore dismiss the petitions for review in part. See 8 U.S.C. § 1229c(f) (2012); 8 U.S.C. § 1252(a)(2)(B)(i) (2012); Ngarurih v. Ashcroft, 371 F.3d 182, 193 (4th Cir. 2004). In any event, the issue is now moot. Pursuant to 8 C.F.R. § 1240.26(i) (2014), a grant of voluntary departure automatically terminates upon the filing of a petition for review.

We dispense with oral argument and deny Galean-Prudente's motion to participate in oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITIONS DENIED IN PART,<br>DISMISSED IN PART

---

[*] Galean-Prudente does not raise any questions of law or constitutional issues that would fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012).

4